MURPHREE, JOHN A. H., Associate Judge.
American National Insurance Company interplead the administratrix of the Estate of George C. Hancock, deceased, and Harvey C. Poe to determine which became entitled to the proceeds of the insurance policy on the life of George C. Hancock when he died.
When the policy was written the insured caused his wife to be named beneficiary, but then there were marital difficulties and the beneficiary was changed by the insured to “Harvey C. Poe, trustee for the Estate of George C. Hancock”. In this suit Poe endeavored to prove that despite the beneficiary designation as stated Hancock really intended that Poe personally should receive the proceeds of this policy instead of Hancock’s estate, which meant Hancock’s three minor children.
In his final judgment the trial judge concluded as follows:
“a. The beneficiary designation ‘Harvey C. Poe, Trustee for the Estate of George C. Hancock’ was intended to designate that the ultimate beneficiary be the estate of the insured, George C. Hancock, *724 and it was not intended that Harvey C. Poe, individually, receive the policy proceeds to the exclusion of the estate of the insured, but on the contrary, that Harvey C. Poe be designated a Trustee to accomplish the intended results * *
Without going into the effect of the Dead Man’s Statute or the parole evidence rule with respect to certain aspects of the evidence, it is sufficient to say that the evidence in its entirety amply supports the conclusion of the trial judge.
It follows that the final judgment should be and it is hereby affirmed.
WALDEN, C. J., and REED, J., concur.